Please state your name. My name is Carol Eluski. I represent Appellant Moore in this case. I would like to reserve two minutes for rebuttal, please. You'll have to watch the time yourself. Okay, thank you. I'm not going to interrupt you. I understand. May it please the court, good morning. There's one issue in this sentencing appeal. The issue is whether the district court misinterpreted the guidelines in determining that there were ten or more victims in this case. When, in order to reach ten or more victims, the district court was required to count the individual account holders, victims of fraud here. The district court erred in counting the individual account holders for several reasons. And the first reason, the dispositive reason, is because the account holders didn't meet the guidelines definition of victim. 2B1.1, application note one, defines victim to be any person who sustained any part of the actual loss determined under subsection B1. Now subsection B1 is the provision that the court looks to to determine how much loss the defendant has caused and determining how many points to add to the defendant's base offense level. In this case, it's undisputed that the court did not include the individual losses when making this calculation. Thus, by definition, the individual account holders can't be counted as victims. Are you saying that the calculation of the individual account holders has to be defined in dollar terms and included in the amount of restitution? Not in restitution, Your Honor, but in the loss calculation in determining the defendant's offense level. But it has to be reduced to dollars? It has to be reduced to dollars, Your Honor, under the guidelines. The guidelines say any person who sustained any part of the actual loss determined under that provision of the guidelines that counts the loss. And the government argues that this is a narrow reading. Some of the victim holders here, I went over the victim impact statements yesterday. Some of the victims say, I can't calculate the loss. I lost 100 hours of work time or vacation time or sick leave. The calculation of the dollar value of that might call for an expert witness. And they went from one town to another town. They didn't calculate 44 cents a mile on gasoline. Are you serious that there has to be, by the judge or by the probation officer or accepted by the judge, a dollar and cent calculation of a victim's loss before that victim can be considered to be a victim for purposes of 10 or more? Absolutely, Your Honor. In the case, it says that exactly. No, but the guideline provisions themselves say that. The only losses that count under the guideline provision are pecuniary losses. It doesn't say it has to be reduced to a dollar amount. There can be an acknowledgment of a pecuniary loss to someone that can't be quantified because of lack of records or lack of memory or lack of estimating ability, isn't it? No, Your Honor, because the guidelines allow for reasonable estimations of loss. They don't need you to have it perfectly laid out there that this is what the loss was. They allow for reasonable estimations, but those estimations must be made and they must be included in the loss calculation in determining the offense level. For purposes of this case, what is the figure that you claim is the loss figure? The loss, we object to basically, just a moment, Your Honor. There are three figures, according to my review of the record, three possible figures. $543,959.26, which is at ER 47. $565,347.93, which is at ER 21-24. And in the pre-sentence report, $594,428.22. At least the pre-sentence report would have included the pecuniary losses that have been substantiated, as I understand it, by 10 or more victims, not including the banks. Is that incorrect? We're objecting to two levels. And we're objecting to the court's calculation that it was 10 or more victims. We're saying that it was fewer than 10 victims. You're just counting the banks, the financial institutions. That's right, just the banks. Because the banks reimbursed the missing funds from the accounts of the individuals, is that correct? Because the banks never stopped owing the individuals the money. Because, yes, the banks were the ones who suffered the loss. Between an innocent account holder and an innocent bank, it's the bank who suffers the loss, yes. In the 10, we're not allowed to count seven banks? No, Your Honor, we're counting the seven banks, yes. But not the individual account holders. So it's just the way you're interpreting this, then, the guidelines, it's just totally serendipitous. If you happen to have a single bank that has massive losses and you don't get to 10, then the individual doesn't have an enhanced sentence. On the other hand, if you have one individual with huge, huge losses, you don't get to that. It seems serendipitous that it would work out that way. I asked an earlier question about which of these dollar figures you were picking, and I don't think I got an answer. Which one of those three that I gave are you picking? If you would give me a moment to find that dollar figure. But I don't believe it's serendipitous. There are two different ways of enhancing a defendant's offense level under the guidelines. Well, there are several different ways, but the ones we're talking about are through the amount of loss. So if it's a huge amount of loss, you're going to be enhancing the defendant's offense level regardless of the number of victims. Another way is through number of victims. And that isn't as precise as the amount of loss. You get two levels for 10 or more victims. You get two more levels for 50 or more victims. It's not tied to the figures the way the package of losses. But I thought you said at the beginning that you cannot count the individuals unless their pecuniary loss is included in the loss as determined by the district court. That's right, Your Honor. That's what the guidelines say. What is the figure that you are saying is the loss? I see three different possibilities. I want to know which one you're saying is the loss figure. And I apologize for not having that at my fingertips, Your Honor. Perhaps I could give you that on rebuttal when I have a minute to look at the record. Is there any question that the judge on sentencing did find that the victim's statements showed that there was actual pecuniary losses there, and he felt that the record did establish that? You're not contesting that, are you? I am actually also contesting that losses were proven in this case, that a sufficient number of victims suffered losses so that you could get to 10 or more victims. What's the scope of review on that issue? The scope of review would be clearly erroneous. So why do you say the judge is clearly erroneous when he takes a look at the victim's statements and says, quote, but were there actual pecuniary losses there, and I felt the record did establish that? Because, Your Honor, if you take a look at the victim's statements, the victim impact statements, and you see two individuals who suffered actual pecuniary losses, who enumerated the actual pecuniary losses they suffered. Others talked about they lost time, they traveled to the bank, but there were only two individuals, Your Honor, who talked about the actual pecuniary losses they suffered. This was victim R.L., who spent $21 in trips to the bank and letters, and victim D.T., who spent $10 in gasoline and stamps. There was another one that claimed $2,000. I don't believe the government's arguing that she qualifies, because that $2,000 was lost time to the daughter of the account holder, and I think the government agrees that that doesn't count. Do you want to keep two minutes? Maybe I'll skip that. I need that dollar figure, though, so however you want to get that. Good morning, Your Honors. My name is Susan Loitz, representing the United States in this matter. Focusing on the matters that you've raised, I would point the Court to the provision in the Sentencing Guidelines, the application note, with respect to estimation of loss, and that is all that is required. It's based on available information and what is practicable under the circumstances. And here we would say it's not really practicable to reduce the amount of these miscellaneous expenses that the victims reported with respect to mailings, trips to the bank, because they're not keeping track of those expenses. It's the last thing on their mind, really, to keep track of how many miles it is to the bank and back for these purposes. And you saw that reflected in at least one of the statements saying, oh, my gosh, we've done all this, and you want that information as well. It simply isn't practicable under the circumstances. I would also, of course, remind the Court that the loss that we're talking about in 2B1.1 is a range. It's $400,000 to a million dollars. And here we're talking about a loss to the banks, ultimately. First, of course, those same losses incurred by the victims, but the loss to the bank of $543,000, and that is calculated by adding up the numbers in the plea agreement with respect to the actual money that was taken out of accounts and, in some instances, the amount of money orders that Mr. Moore purchased from fraudulently accessed accounts. So here I would say that the loss is the $543,000 figure plus the miscellaneous expenses that the individual victims incurred. Those were not reduced to dollars and cents, but I do not believe that that is required. With respect to our other argument, this is not a case of a typical what I call the old-fashioned kind of bank robbery where the money is taken from a drawer at the teller's window or at the bank's vault. It was taken from individual accounts, and those accounts are identified in the judgment by number, not all the numbers to protect them, but by names and numbers. So it was money that was taken from these individuals. It was later reimbursed by the bank, but that doesn't happen immediately, as we saw with the woman who was out of town when the money was taken out. Counsel, what's the government's perspective on the Tenth Circuit case of U.S. v. Leach? As you know, that one comes to a different conclusion than what you're asking us to adopt here in the Ninth Circuit. Well, I think Leach, as I remember, is the case that dealt with the charity, checks to charity, and there I think it's a little bit of a different circumstance because the money was intended by the person sending the check to go to the charity. They intended to actually get rid of the money. It was the charity that was really the victim. Well, the main point of Leach, at least as I read it, is that the losses suffered by the victims, the individuals, can't be part of the determination of loss under 2B1 unless it's included in the loss figure, and that's why I was asking your counterpart here what that figure is because at least under Leach, which we're not bound by, of course, that's an important determination. Yes, they did mention that the cost of sending in replacement checks could be considered. I think they suggested that it could be considered if it had been proven. But in that case, I don't think they even had the record that we have, which is we did send in replacement checks and we did incur that. Here we do have statements of the victims that they incurred those expenses. They did not add up the $0.42 or $0.37, whatever the cost of the stamp was at that time. The government's position, I gather, is that this identity theft is such a horrendous crime. It wreaks havoc in the lives of individual people that to not count them as individuals so long as they have any provable or estimable pecuniary loss would be abhorrent. Is that essentially correct? Well, I think I would agree with that personally, and I believe that many of the victims would agree with that. And I would also maybe make it a little more tempered that I do believe it fits the guidelines. I do believe that reading the guidelines, reading all of the various notes with respect to estimation of loss, that it is a range, that it is pecuniary. There is no limit as far as I can see in either the application notes or the guidelines with respect to a threshold amount for that pecuniary loss. And they did suffer it. I do believe it meets the guidelines. And in addition to that, I don't think there's much doubt. We can all put ourselves in the shoes of those people that it would cause havoc in their lives. Any more questions? Thank you, Your Honor. I apologize for not having the figure. We have no dispute with the government's figure of $543,000. And what is your figure, Ms. Olitski? It's $543. We have no dispute with that. $543,000? $543,000. I'm sorry. $959.26, is that right? About set forth in the restitution order. And that figure was derived at, was derived, excuse me, by adding up the amount of money that the banks lost. Is that correct? That's right, Your Honor. No individuals were included. That's right, Your Honor. And what is your response to the government with respect to the Leach case? Do you view it differently? Well, I don't believe the government's reading the case correctly. The Leach case held that it was foreseeable that the replacement checks would be mailed to the charity. However, those could not be counted, those individuals could not be counted as victims because they did not meet the guidelines definition of victim, which requires that their loss be included in the loss calculation amount. Now, I want to point out that the guidelines could have cast a broader net had they wanted to. The Sentencing Commission could have said anybody who suffered pecuniary harm is a victim. Guidelines don't say that. It could have said anybody who was intended to suffer a harm. The guidelines don't say that. They say that your loss has to be included in the loss calculation amount. If we vacate and reverse and remand for resentencing, can't the trial judge come to the same conclusion the government had the first time around by taking into consideration the victim's statements, doing some calculations, changing the loss amount? Yes, Your Honor. If the government proves the loss, if they qualify under the loss exclusion provision of the application notes, which I suggest they don't, if they're foreseeable, then yes, the district court could count them. But they don't qualify under the exclusionary provision. Can you point out that the losses caused to these individual victims was foreseeable to the thief? I think foreseeability is an issue. Mailing a letter, 42 cents to mail a letter, how does the person know that they're not just going to be able to pick up the phone to correct the problem? But a bigger problem is that the – And travel to the banks to find out what happened and why $38,000 went out of a 90-year-old person's account on one day. Maybe that's foreseeable, Your Honor. But a bigger problem is application note 3D, which excludes precisely these de minimis tangential costs from being included in the loss amount. It includes interest, finance charges, late fees, penalties. If a victim isn't allowed to claim penalties, they shouldn't be allowed to claim a 42-cent stamp. It just doesn't make sense when penalties could be quite substantial, Your Honor. Thank you very much for your argument. The case of USA vs. New Orleans now stands submitted.
judges: Thompson, Bea, Smith